```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SESCILY RENEE CONEY,                                        :
                                                            :
                                                            :
                              Plaintiff,                    :
                                                            :       25-CV-5011 (VSB)
                   - against -                              :
                                                            :       OPINION & ORDER
                                                            :
                                                            :
THE TRUSTEES OF COLUMBIA                                    :
UNIVERSITY IN THE CITY OF NEW                               :
YORK, et al.,                                               :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On June 30, 2025, pro se Plaintiff moved for substituted and alternative service by email for ten defendants.[1] (Doc. 29.) Defendant New York Presbyterian Hospital ("NYP") is deemed to have waived service, (Doc. 35), so Plaintiff's motion as to NYP is denied as moot. The remaining defendants for which Plaintiff seeks alternative service are individuals.[2]

Plaintiff moves for alternative service by email based on Federal Rule of Civil Procedure 4(f)(3), which Plaintiff concedes "specifically addresses service in foreign countries." (Doc. 29 at 5.) Plaintiff claims that "courts have applied the same principle to authorize alternative service within the United States when traditional methods have proven ineffective," but fails to cite any authority supporting that claim.

---

[1] Notably, Plaintiff does not seek alternative service for Defendant The Trustees of Columbia University in the City of New York, which is the object of Plaintiff's request for a temporary restraining order and preliminary injunction. (*See* Doc. 11 at 71.)

[2] The nine defendants are Lorraine Frazier, Candice Smith, Heidi Hahn-Schroeder, Mary Hickey, Ellen Fahey, Amanda Kostreva, Audrey Brown, David Seltzer, and Emily Fisher.

Federal Rule of Civil Procedure 4(e) governs service for an individual within the United States. Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Under New York law, service can be completed by either personal service or delivery to "the actual place of business" or "dwelling place" of the person "to be served and by either mailing the summons to the . . . last known residence" or "actual place of business" of the person to be served. N.Y. C.P.L.R. § 308(1)–(2). If service through these methods "cannot be made with due diligence," then a party may effectuate service under Section 308(4) by "affixing the summons to the door of either the actual place of business [or] dwelling" of the person to be served and "mailing the summons to such person at his or her last known residence or . . . mailing the summons by first class mail to the person to be served at his or her actual place of business." It is only when these methods of service are "impracticable" that a party may effectuate service through alternative means, including by email. N.Y. C.P.L.R. § 308(5).

"Although the impracticability standard is not capable of easy definition, in general, a plaintiff must make some showing that the other prescribed methods of service could not be made." *Avail 1 LLC v. Kalsi*, No. 23-CV-1641, 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023) (internal quotation marks omitted). "[P]laintiff must, for each of the three traditional methods of service, set forth factual allegations to establish, for example, what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances." *Id.* (internal quotation marks omitted).

Plaintiff has failed to make such a showing of impracticability. *See Avail 1 LLC*, 2023 WL 7297214, at *2 (collecting cases). Plaintiff describes her efforts "including appearing in-

2

person to places of employment, searching for current residential addresses within the State of New York, utilizing search databases." (Doc. 29 at 2.) Plaintiff then describes specific steps taken as to each Defendant, but fails to demonstrate impracticability to warrant alternative service by email. For several Defendants, Plaintiff made only one attempt at service at their respective places of employment on June 27, 2025. (*Id.* at 2–4.) Significantly, Plaintiff merely claims that several Defendants were "unavailable" at their place of employment. (*Id.*) Although Plaintiff is not required to show "actual prior attempts to serve a party" under Sections 308(1)–(4), *see Fortunato v. Chase Bank USA, N.A.*, No. 11-CV-6608, 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012), Plaintiff's barebones claims that each Defendant was "unavailable" at their place of employment is insufficient to demonstrate impracticability. Nor does Plaintiff show impracticability in relation to each Defendant's place of residence. For example, Plaintiff identifies a specific address for Defendant Smith, but fails to show why service is impracticable merely because "[n]o one came to the door" when Plaintiff's process server knocked one time on June 27, 2025. (*Id.* at 3.) Because Plaintiff has failed to show that she cannot serve Defendants under the traditional methods of service, I am "without power to direct . . . service" by email under Section 308(5). *David v. Total Identity Corp.*, 857 N.Y.S.2d 380, 382 (4th Dep't 2008).

Accordingly, Plaintiff's motion for alternative service by email is DENIED.

The Clerk of Court is respectfully directed terminate Document 29.

SO ORDERED.

Dated: July 10, 2025
New York, New York

*Vernon Broderick*

Vernon S. Broderick
United States District Judge