USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SESCILY RENEE CONEY,<br><br>Plaintiff,<br><br>-against-<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, *et al.*,<br><br>Defendant. | 25-CV-5011 (VSB) (BCM)<br><br>**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT** |

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

### Time to Answer or Otherwise Respond

1. The Court notes that on July 9, 2025, the Hon. Vernon S. Broderick, United States District Judge, granted defendants New York-Presbyterian Hospital (NYP) and Shulamit Just-Michael 60 days, until September 8, 2025, to answer or otherwise respond to plaintiff's Amended Complaint (Dkt. 35), and on July 10, 2025, Judge Broderick denied plaintiff's motion for leave to serve certain defendants (including NYP) by alternative means. (Dkt. 50.)

2.      Later that same day, plaintiff moved for "reconsideration or clarification" of the Court's July 9 order, reiterating her opposition to any extension for either NYP or Just-Michael. (Dkt. 52.)

3.      Plaintiff's reconsideration motion, which is within the scope of my referral, is DENIED, both because she has not met the standards of Local Civil Rule 6.3 and because she has failed to identify any undue prejudice that would flow from affording these defendants the routine courtesy of a reasonable extension of time to respond to her 27-count, 490-paragraph Amended Complaint.[1]

4.      In light of the length and complexity of the Amended Complaint, and in the interest of efficient case management, the Court hereby EXTENDS the deadline to answer or respond to the Amended Complaint to **September 8, 2025**, for all defendants that have been served with process to date or will be served with process prior to August 18, 2025.

5.      Plaintiff must serve a copy of this Order on any defendant previously served with process, and must file proof of such service with the Court. Additionally, plaintiff must serve a copy of this Order on all defendants served with process hereafter, and must file proof of such service with the Court.

## Columbia's Opposition Papers

6.      By separate letter, also filed on July 10, 2025, plaintiff asks the Court to "disregard" the memorandum and related papers filed by defendant The Trustees of Columbia University in the City of New York (Columbia) in opposition to plaintiff's motion for a temporary restraining order and preliminary injunction (Dkts. 39-40), because they were due on July 9 but were filed

---

[1] The Amended Complaint, like many of plaintiff's other filings, is single-spaced. Plaintiff is again directed to review and comply with Local Civil Rule 7.1(b), "the Local Civil Rules more generally, and the Federal Rules of Civil Procedure." (Dkt. 8 at 1 n.1.)

"after the deadline, in the early morning hours of July 10, 2025, accompanied only by a non-sworn 'Statement of Technical Difficulty' (Doc. 42) devoid of evidentiary support, technical logs, or verification from the SDNY Electronic Case Filing (ECF) system." (Dkt. 59 at 1.)

7. Plaintiff's letter, construed as a letter-motion to strike Columbia's opposition papers for untimeliness, is DENIED, and Columbia's Statement of Technical Difficulty, construed as a motion for an extension of time, nunc pro tunc, to file its opposition papers, is GRANTED. Plaintiff identifies no prejudice from Columbia's late filing, much less prejudice of the magnitude that would warrant the harsh sanction she proposes.

### General Pretrial Management

Going forward, parties and counsel are cautioned:

8. If and when a discovery schedule is issued, all discovery must be initiated in time to be concluded by the close of discovery set by the Court.

9. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is this Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery will be denied as untimely.

10. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

11. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference), or to extend a deadline, must be made in writing and in compliance

with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

12. In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Paper courtesy copies of letters and letter-motions filed via ECF are required, in accordance with § 1(d) of Judge Moses's Individual Practices, if the filing contains multiple attachments. Paper courtesy copies of formal motions are always required, in accordance with § 2(g) of Judge Moses's Individual Practices. Courtesy copies should be delivered promptly, should bear the ECF header generated at the time of electronic filing, and should include tabs for the attachments.

13. Plaintiff is hereby notified that pro se parties may file pleadings, letters, and other documents with the Court by using any of the following methods:

    a. **Drop off** the documents in the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, 10007.

    b. **Mail** the documents to the Pro Se Intake Unit at 500 Pearl Street, Room 205, New York, New York, 10007.

    c. **Email** the documents to ProSe@nysd.uscourts.gov. Instructions for filing documents by email may be found on the Court's website at https://www.nysd.uscourts.gov/prose.

The Clerk of Court is respectfully directed to close the motion at Dkt. 42.

Dated: New York, New York  
       July 14, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**