UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SESCILY RENEÉ CONEY,

*Pro Se Plaintiff,*

v.

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, *et al.*,

*Defendants.*

Case No.: 1:25-CV-05011-VSB-BCM

**MEMORANDUM OF LAW IN SUPPORT OF THE NYPH DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

**BAKER & HOSTETLER LLP**

Amy J. Traub
Matthew C. Berger
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: atraub@bakerlaw.com
Email: mberger@bakerlaw.com

*Attorneys for Defendants The New York and Presbyterian Hospital and Shulamit Just-Michael*

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT .......... 1

STATEMENT OF RELEVANT FACTS CONCERNING THE NYPH DEFENDANTS .......... 2

LEGAL ARGUMENT .......... 5

I. The NYPH Defendants Are Either Not Covered by the Cited Laws and/or the Amended Complaint Fails to Plausibly Allege Violations of the Cited Laws by the NYPH Defendants. .......... 6

1. 21 of the 27 causes of action in the Amended Complaint are not applicable to the NYPH Defendants. .......... 6

2. Plaintiff fails to state a claim against the NYPH Defendants under the remaining causes of action. .......... 10

a. 3rd Cause of Action – New York Civil Rights Law § 40-c .......... 11

b. 5th Cause of Action – Breach of Contract .......... 11

c. 6th Cause of Action – New York General Business Law §§ 349 and 350 .......... 12

d. 7th Cause of Action – 42 U.S.C. § 1986 .......... 12

e. 14th Cause of Action – Defamation .......... 13

f. 25th Cause of Action – 18 U.S.C. §§ 1513(e), 1512(b), and 1519 .......... 14

g. 26th Cause of Action – Civil RICO Violation .......... 15

II. Plaintiff Uses Impermissible Group Pleadings. .......... 16

CONCLUSION .......... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Annabi v. New York Univ.*,
No. 22-CV-3795 (LJL), 2024 WL 4252062 (S.D.N.Y. Sept. 20, 2024),
*aff'd,* No. 24-2601, 2025 WL 1066083 (2d Cir. Apr. 9, 2025) ............................ 5, 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 5

*Bythewood v. New York*,
No. 22-2542, 2023 WL 6152796 (2d Cir. Sept. 21, 2023) .................................... 1, 6

*Casalino v. N.Y.S. Catholic Health Plan, Inc.*,
No. 09–CV–2583 (LAP), 2012 WL 1079943 (S.D.N.Y. Mar. 30, 2012) ................... 8

*Davila v. Lang*,
343 F. Supp. 3d 254 (S.D.N.Y. 2018) .................................................................. 6

*Denton v. Hernandez*,
504 U.S. 25 (1992) .............................................................................................. 6

*DiFolco v. MSNBC Cable L.L.C.*,
622 F.3d 104 (2d Cir. 2010) ................................................................................ 2

*Gallop v. Cheney*,
642 F.3d 364 (2d Cir. 2011) ................................................................................ 6

*Geldzahler v. N.Y. Med. Coll.*,
663 F. Supp. 2d 379 (S.D.N.Y. 2009) .................................................................. 6

*GM Photo, LLC v. Focus Camera, Inc.*,
No. 22-CV-10339 (VSB), 2025 WL 1226629 (S.D.N.Y. Apr. 24, 2025) ................ 11

*Greene v. Paramount Pictures Corp.*,
138 F. Supp. 3d 226 (E.D.N.Y. 2015) .................................................................. 14

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009) .................................................................................. 5

*Holmes v. Allstate Corp.*,
No. 11–CV–1543 (DF), 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) ..................... 16

*McGrath v. Arroyo*,
No. 17-CV-1461 (NGG), 2019 WL 3754459 (E.D.N.Y. Aug. 8, 2019) .................. 11

*Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*,
531 F. Supp. 3d 673 (S.D.N.Y. 2021) ................................................................ 16

*Plusgrade L.P. v. Endava Inc.*,
No. 21-CV-1530 (MKV), 2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023) .................. 17

*Rivera v. Unknown At NYCPD, Bronx Div., PSA-7 - NYCHAA Police*,
No. 23-CV-9530 (LTS), 2024 WL 3414457 (S.D.N.Y. July 8, 2024) ..................... 12

*Saidin v. N.Y.C. Dep't of Educ.*,
498 F. Supp. 2d 683 (S.D.N.Y. 2007) .................................................................. 5

*Sedima, S.P.R.L. v. Imrex Co.*,
473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) ......................................... 15

*Segal v. New York State Unified Ct. Sys.*,
No. 21-CV-2545 (LTS), 2021 WL 1841768 (S.D.N.Y. May 7, 2021) ................... 1, 6

*Sherman v. Graves*,
No. 24-CV-8494 (AT), 2025 WL 1558476 (S.D.N.Y. June 2, 2025) ..................... 13

*Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*,
No. 18-CV-4921 (PGG) (KHP), 2020 WL 1330283 (S.D.N.Y. Mar. 22, 2020) ............................................................................................................. 14

*Thomas v. Roach*,
165 F.3d 137 (2d Cir. 1999) ................................................................................ 13

*Wright v. N.Y. State Dep't of Corr.*,
831 F.3d 64 (2d Cir. 2016) .................................................................................... 7

*Ying Li v. City of New York*,
246 F. Supp. 3d 578 (E.D.N.Y. 2017) ................................................................ 16

*Zimmerman v. Poly Prep Country Day Sch.*,
888 F. Supp. 2d 317 (E.D.N.Y. 2012) ................................................................ 15

**Statutes**

18 U.S.C. § 1964(c) ................................................................................................. 15

20 U.S.C. § 1232g ..... 8

29 U.S.C. § 794 ..... 8

42 U.S.C. § 2000d ..... 8

42 U.S.C. § 12101 *et seq.* ..... 8

GBL § 349(a) ..... 12

GBL § 350 ..... 12

N.Y.C.R.L. § 40-c(1) ..... 11

N.Y.C.R.L. § 40-c(2) ..... 11

N.Y. Exec. Law § 296 ..... 8

**Other Authorities**

N.Y.C. Admin. Code § 8-107 ..... 8

Defendants The New York and Presbyterian Hospital ("NYPH") and Shulamit Just-Michael ("Just-Michael") (collectively, the "NYPH Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint filed by Plaintiff Sescily Reneé Coney ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff, a *pro se* plaintiff,[1] alleges that she is a Black and disabled former student at the Columbia School of Nursing (the "Nursing School"), which, along with Columbia University, are completely separate and distinct legal entities from NYPH. She asserts 27 causes of action against 23 named defendants in her Amended Complaint – 21 of whom are allegedly associated with Columbia University (the "Columbia Defendants"). The sole and exclusive basis of Plaintiff's allegations in the Amended Complaint is her education at, and desire to remain enrolled in, the Nursing School. These are matters in which the NYPH Defendants unquestionably have no involvement and for which they have no responsibility. Indeed, Plaintiff's request for a preliminary injunction, which she filed with her original Complaint, does not seek any articulated injunctive relief against either of the NYPH

[1] Upon information and belief, Plaintiff is a licensed attorney under the New Jersey Bar (Attorney ID: 101902019) and therefore is not entitled to have her Amended Complaint read with the degree of liberality given to non-attorney *pro se* litigants. *See Bythewood v. New York*, No. 22-2542, 2023 WL 6152796, at *1 (2d Cir. Sept. 21, 2023) ("Although we generally review *pro se* submissions with special solicitude, liberally construing them to raise the strongest arguments that they suggest, no such special solicitude is afforded to *pro se* attorneys." (internal citations and quotations omitted)); *Segal v. New York State Unified Ct. Sys.*, No. 21-CV-2545 (LTS), 2021 WL 1841768, at *1 (S.D.N.Y. May 7, 2021) ("Although the Court is ordinarily obligated to construe *pro se* pleadings liberally, because Plaintiff is an attorney, he is not entitled to the special solicitude usually granted to *pro se* litigants.").

Defendants. Rather, the NYPH Defendants appear to have been named in the Amended Complaint as a result of a single, benign interaction in October 2024, while Plaintiff was training in a NYPH hospital. Specifically, Just-Michael, a former NYPH Registered Nurse, allegedly "startled" Plaintiff and lectured her and another student when they were caught interacting with a baby in the Neonatal Intensive Care Unit without a licensed nurse supervising. This single interaction fails to give rise to any valid claim or cause of action against the NYPH Defendants, and thus, the NYPH Defendants should be dismissed from this case.

## STATEMENT OF RELEVANT FACTS CONCERNING THE NYPH DEFENDANTS[2]

In her June 23, 2025 Amended Complaint, Plaintiff, a Black, female, and disabled student at Columbia University alleges that she has attended the Nursing School since June 2024. (Dkt. 11 ("AC") ¶ 6.) Nearly the entire Amended Complaint is dedicated to the allegations against the 21 Columbia Defendants. Only 9 of the total 490 paragraphs of the Amended Complaint mention or pertain to either NYPH Defendant, and those allegations that do only relate to a single, lawful interaction in a NYPH hospital.

As it pertains to the NYPH Defendants, Plaintiff took part in a nursing rotation at an NYPH facility, the Alexander Cohen Hospital for Women and Children (the "NYPH Hospital") between October and November 2024. (AC ¶ 162.) During this

[2] For purposes of the NYPH Defendants' motion to dismiss, the material factual allegations set forth in the Amended Complaint are assumed to be true and will form the basis for the statement of facts herein. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Should the NYPH Defendants' motion be denied, in whole or in part, they intend to vigorously contest all of the allegations asserted in the Amended Complaint.

rotation, her instructors were all Columbia Defendant faculty. (AC ¶ 162.) On October 31, 2024, Plaintiff was assigned to the Neonatal Intensive Care Unit at the NYPH Hospital. (AC ¶¶ 163-164.) Plaintiff and another classmate – Defendant Emily Fisher ("Fisher"), a White woman – found a nurse in a baby's room and the nurse asked Plaintiff if she would like to hold the baby. (AC ¶ 175.) The nurse placed the baby in Plaintiff's arms and left the room. (AC ¶ 175.)

After the nurse left the room, Plaintiff heard "a loud bang at the entrance of the patient room" and saw that Just-Michael (a White woman) had entered the room "abruptly and without warning, startling Plaintiff and creating a heightened atmosphere of fear and tension." (AC. ¶ 177.) Just-Michael "exclaimed that Plaintiff and Fisher 'should not be in the room' and that they – referring to Plaintiff and Fisher – were 'placing their [the [other] nurses'] licenses in jeopardy.'" (AC ¶ 178 (first alteration in the original).) Just-Michael then allegedly motioned "aggressively" for "both Plaintiff and Fisher to move, treating them as if they were a threat to patient safety." (AC ¶ 178.) Without elaboration, and despite alleging that Just-Michael was speaking to both her and Fisher, Plaintiff alleges that Just-Michael's "behavior and tone was pointed towards Plaintiff" and "aimed primarily at Plaintiff." (AC ¶¶ 178, 182.) Plaintiff asserts that Just-Michael's alleged conduct – "bursting into a room without verifying facts, yelling baseless accusations, and implying criminal-level misconduct" – was "infused with racial bias and aligned with historical patterns of perceiving Black individuals as inherently dangerous or less competent in professional settings." (AC ¶ 182.)

Although Plaintiff claims she tried to "de-escalate" the situation, she alleges that Just-Michael "continued to berate and scold Plaintiff and Fisher in a public and aggressive manner." (AC ¶ 180.) Plaintiff, however, does not allege that she suffered any consequences as a result of her interaction with Just-Michael.[3] Rather, she alleges that Just-Michael left the room shortly thereafter, and Plaintiff and Fisher then left and joined a session with Nursing School staff and other students. (AC ¶ 181.) During this conference, Plaintiff did not bring up her interaction with Just-Michael and she returned to the NYPH Hospital "without incident." (AC ¶¶ 181, 190.) Plaintiff alleges that NYPH was "made aware" of the alleged discriminatory conduct by Just-Michael "through [her] subsequent reports" and that NYPH allegedly failed to investigate or "provide a restorative response." (AC ¶ 183.)

The above alleged conduct forms the sole basis of Plaintiff's allegations against the NYPH Defendants.[4] However, as addressed here, these allegations fail to state any violation of law. Accordingly, the Amended Complaint should be dismissed as against the NYPH Defendants.

[3] The only consequence Plaintiff alleges as a result of her rotation at the NYPH hospital – that she received a failing grade from the Nursing School based, in part, on "safety issues" – stems from alleged accusations by Defendant Candice Smith (a Columbia Defendant) that Plaintiff had disconnected a feeding tube and moved a baby's oxygen to put a Halloween costume on the baby. (AC ¶¶ 187, 193.) But Plaintiff does not allege that *Just-Michael* ever raised or reported these issues to anyone. (AC ¶¶178-179.)

[4] Causes of Action 1-20 and 25-26 are asserted against "ALL Defendants," but the remainder of Plaintiff's Amended Complaint concerns – and includes specific allegations about – only her grievances with how the Columbia Defendants treated her and handled her enrollment at the Nursing School. (*See generally* AC ¶¶ 184-225.)

## LEGAL ARGUMENT

To defeat a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint's factual content must "raise a right to relief above the speculative level," allowing the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678. The Court need not credit conclusory allegations, "legal conclusions" masquerading as facts in a claim, or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679

"[W]hile the Court construes *pro se* pleadings liberally, this does not relieve *pro se* plaintiffs of the requirement that they plead enough facts to 'nudg[e] their claims across the line from conceivable to plausible.'" *Annabi v. New York Univ.*, No. 22-CV-3795 (LJL), 2024 WL 4252062, at *5 (S.D.N.Y. Sept. 20, 2024), *aff'd,* No. 24-2601, 2025 WL 1066083 (2d Cir. Apr. 9, 2025) (quoting *Twombly*, 550 U.S. at 570). "Nor does it relieve them of the obligation to otherwise comply with the pleading standards set forth by the Federal Rules of Civil Procedure." *Id.* (citing *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007). "Thus, the Court's 'duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-

write it.'" *Davila v. Lang*, 343 F. Supp. 3d 254, 266 (S.D.N.Y. 2018) (quoting *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009)). This is especially so when the *pro se* litigant is an attorney—attorneys proceeding *pro se* are not entitled to the same solicitude usually afforded to *pro se* litigants. *See Bythewood*, 2023 WL 6152796, at *1; *Segal*, 2021 WL 1841768, at *1.

While the Court must, for purposes of this motion, accept as true the factual allegations in the Amended Complaint, it may dismiss claims as "factually frivolous" if the sufficiently well-pleaded facts are "clearly baseless" – that is, if they are "fanciful," "fantastic." or "delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Such is the case here. Accordingly, the Court should dismiss the Amended Complaint as to the NYPH Defendants, in its entirety and with prejudice because: (1) the NYPH Defendants are either not subject to the cited statute and/or Plaintiff fails to plausibly allege violations of any cited statute by the NYPH Defendants; and (2) Plaintiff impermissibly relies upon group pleadings, which fail to comply with FRCP 8.

## I. The NYPH Defendants Are Either Not Covered by the Cited Laws and/or the Amended Complaint Fails to Plausibly Allege Violations of the Cited Laws by the NYPH Defendants.

### 1. 21 of the 27 causes of action in the Amended Complaint are not applicable to the NYPH Defendants.

Initially, Causes of Action 1-2, 4, 8-13, and 15-20 must all be dismissed because the laws cited by Plaintiff do not apply to the NYPH Defendants.[5] For example, many of the statutes cited apply only to employers or places of public accommodation,

[5] Plaintiff does not allege Causes of Action 21, 22, 23, 24, or 27 against the NYPH Defendants.

educational institutions receiving federal financial assistance, or in the educational context. (*See e.g.,* AC Counts 1 (Title IV of the Civil Rights Act of 1964), 2 (New York State Human Rights Law), 4 (New York City Human Rights Law), 10 (Family Educational Rights and Privacy Act.) However, Plaintiff does not allege any facts suggesting that the NYPH Defendants were her employer, a public accommodation, that they are educational institutions receiving federal financial assistance, or that they were providing her with an education.[6] Rather, Plaintiff alleges that NYPH is a "private, not-for-profit academic medical center and nursing institution" that "provides clinical training and educational opportunities for nursing students" and "partners with various academic institutions to support healthcare education and professional development." (AC ¶ 10.) Plaintiff alleges that Just-Michael was an employee of NYPH. (AC ¶ 30.)

Specifically, the following causes of action against the NYPH Defendants must be dismissed because Plaintiff does not sufficiently plead that these statutes apply to NYPH – a private hospital that is not alleged to have provided services or an education to, or employed, Plaintiff – or Just-Michael – a former employee of NYPH.

- 1st Cause of Action – Title VI of the Civil Rights Act of 1964: prohibits discrimination on the grounds of race, color or national origin "under any

[6] While a hospital is considered a "public accommodation" under applicable law, to state a claim for public accommodation discrimination, a plaintiff must allege that she "was denied the opportunity to participate in or benefit from . . . services, programs, or activities" by the public accommodation. *See, e.g. Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) (discussing public accommodation discrimination under the Americans with Disabilities Act). Plaintiff does not allege any facts suggesting that NYPH operated as a "public accommodation," and the Amended Complaint is devoid of any allegations that NYPH provided her with any goods, services, facilities, privileges, advantages, or accommodations. Rather, Plaintiff's reference to NYPH is only in the context of her performing a single rotation at a NYPH hospital during her Nursing School rotation. (AC ¶ 162.)

program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

- 2nd Cause of Action – New York State Human Rights Law: prohibits an employer from discriminating against individuals based on a protected characteristic or a place of public accommodation from withholding or denying services based on a protected characteristic. N.Y. Exec. Law § 296.

- 4th Cause of Action – New York City Human Rights Law: prohibits an employer from discriminating against individuals based on a protected characteristic or a place of public accommodation from withholding or denying services based on a protected characteristic. N.Y.C. Admin. Code § 8-107.[7]

- 8th Cause of Action – Americans with Disabilities Act: prohibits discrimination by an employer, a public entity (defined as a state or local government), or place of public accommodation based on an individual's disability. 42 U.S.C. § 12101 *et seq*.

- 9th Cause of Action – Section 504 of the Rehabilitation Act of 1973: prohibits disability-based discrimination in programs and activities that receive federal financial assistance. 29 U.S.C. § 794.

- 10th Cause of Action – Family Educational Rights and Privacy Act: applies to institutions that receive Federal financial assistance and affords parents the right to have access to their children's education records, which right transfers from the parents to the student at age 18. 20 U.S.C. § 1232g.

- 11th Cause of Action – Title IV of the Higher Education Act of 1965 and 34 C.F.R. § 685.202: authorizes programs that provide federal financial assistance to students and regulations implementing same.

- 12th Cause of Action - 42 U.S.C. § 297n: statute establishing federal loan repayment and scholarship programs for nurses as part of federal efforts to address critical shortages in the nursing workforce.

[7] Even if the NYCHRL or NYSHRL were applicable to the NYPH Defendants (they are not), Plaintiff fails to state a claim. She alleges only that Just-Michael "exclaimed," "berate[d]," and "scold[ed]" her and Fisher, told them that they should not be in the baby's room, and said they were placing other nurses' licenses in jeopardy. (AC ¶¶ 178, 180.) While Plaintiff also alleges, without elaboration, that Just-Michael's comments were aimed "primarily" at her because she is Black, these conclusory and speculative allegations are insufficient, as a matter of law, to state a claim under either statute. *See Casalino v. N.Y.S. Catholic Health Plan, Inc.*, No. 09–CV–2583 (LAP), 2012 WL 1079943, at *8–9 (S.D.N.Y. Mar. 30, 2012) (plaintiff failed to state claim, even though she claimed that her supervisor "berated her and frightened her, [and] reduced her to tears to the point where she could not leave her office," because she failed to raise inference that conduct occurred because of her protected characteristic).

- 13th Cause of Action – New York Education Law §§ 310, 3214, and 3205: § 310 provides a mechanism for individuals who feel aggrieved by decisions or actions taken by school authorities to appeal to the New York State Commissioner of Education; § 3214 governs student discipline; and § 3205 mandates full-time school attendance for minors.

- 15th Cause of Action – New York Education Law Article 2: ensures that all public school students in New York State have a safe and supportive environment free from discrimination, harassment, bullying, and intimidation.

- 16th Cause of Action – Hazing: Plaintiff does not cite any statutory or common law right of relief, but alleges conduct she claims meet the criteria under applicable "institutional and state definitions" in the context of academia.

- 17th Cause of Action - New York Penal Law §§ 155.05–155.08 ("Coercive Threats Tied to Educational Status"): statutes setting forth the elements of larceny under New York criminal law, which Plaintiff alleges in the context of her education (*e.g.*, academic dismissal, disciplinary action, withholding financial aid, etc.).

- 18th Cause of Action - New York Penal Law §§ 155.05–155.08 ("Withholding of Aid and Access"): statutes setting forth the elements of larceny under New York criminal law, which Plaintiff alleges in the context of her education (*e.g.*, withholding financial aid, access to courses, clinical rotations, etc.).

- 19th Cause of Action - 42 USCS § 12203: prohibiting retaliation and coercion under the Americans with Disabilities Act which, as noted above, covers employers, public entities (defined as a state or local government), or place of public accommodation.

- 20th Cause of Action – Title IX of the Education Amendments of 1972: prohibits sex-based discrimination in any education program or activity that receives federal financial assistance.

Thus, because the Amended Complaint does not plausibly allege that any of these statutes apply to Plaintiff's claims against the NYPH Defendants, the Court should dismiss these causes of action.

**2. Plaintiff fails to state a claim against the NYPH Defendants under the remaining causes of action.**

Plaintiff's remaining claims against the NYPH Defendants – Causes of Action 3, 5-7, 14, and 25-26 – should also be dismissed because her allegations fall far short of the *Iqbal*/*Twombly* threshold she must cross to avoid dismissal under Rule 12(b)(6). Indeed, Plaintiff fails to plausibly allege even threadbare recitals of the elements of these causes of action against the NYPH Defendants.

As discussed above, Plaintiff's only non-conclusory and non-speculative allegations against Just-Michael are that:

- She entered a patient room "abruptly and without warning, startling Plaintiff and creating a heightened atmosphere of fear and tension" (AC. ¶ 177);
- She "exclaimed that Plaintiff and Fisher 'should not be in the room' and that they – referring to Plaintiff and Fisher – were 'placing their [the [other] nurses'] licenses in jeopardy'" (AC ¶ 178);
- She motioned "aggressively" for "both Plaintiff and Fisher to move, treating them as if they were a threat to patient safety" (AC ¶ 178); and
- Her "behavior and tone was pointed towards Plaintiff" and "aimed primarily at Plaintiff" (AC ¶¶ 178, 182).

As to NYPH, Plaintiff only alleges that NYPH was "made aware" of this alleged conduct – what Plaintiff concludes (wrongly) was discriminatory conduct – by Just-Michael "through Plaintiff's subsequent reports" (Plaintiff does not allege when she made such "reports," to whom they were made, or what was allegedly reported) and that NYPH allegedly failed to investigate or "provide a restorative response." (AC ¶ 183.) As detailed below, these allegations fail to plausibly state a claim that the NYPH Defendants violated any applicable law.

a. 3rd Cause of Action – New York Civil Rights Law § 40-c

New York Civil Rights Law § 40-c entitles all persons within the State of New York to equal protection under the law and states that no person shall, because of [an enumerated protected characteristic] be subjected to any discrimination in his or her civil rights . . ." N.Y.C.R.L. §§ 40-c(1) and (2). However, a Section 40-c claim "rises and fall[s] with [a] discrimination claim under the NYSHRL." *Annabi*, 2024 WL 4252062, at *9. *Cf. McGrath v. Arroyo*, No. 17-CV-1461 (NGG), 2019 WL 3754459, at *13 (E.D.N.Y. Aug. 8, 2019) ("[F]acts sufficient to sustain a cause of action under [NYSHRL section] 296 will support a cause of action under [section] 40-c of the [NYCRL].") And, as discussed above, the NYSHRL does not apply to the NYPH Defendants. Consequently, Plaintiff cannot sustain a NYSHRL claim against the NYPH Defendants (because they were not her employer nor are they alleged to be a public accommodation that denied Plaintiff any services, benefits, or accommodations) and she therefore also fails to state a claim under the Civil Rights Law.

b. 5th Cause of Action – Breach of Contract

"To state a contract claim [for breach of contract], a plaintiff must demonstrate (1) the existence of a valid contract, (2) the defendant's knowledge of the contract's existence, (3) that the defendant intentionally procured a contract breach, and (4) the resulting damages to the plaintiff." *GM Photo, LLC v. Focus Camera, Inc.,* No. 22-CV-10339 (VSB), 2025 WL 1226629, at *8 (S.D.N.Y. Apr. 24, 2025) (cleaned up) (internal citation and quotation marks omitted). Plaintiff, however, does not allege the existence of any contract between herself and the NYPH Defendants. Rather,

Plaintiff includes only specific allegations against Columbia University – that she had a contractual relationship with Columbia University and that Columbia University breached its agreement with her. (AC ¶¶ 288-294.) This claim must, therefore, be dismissed.

c. 6th Cause of Action – New York General Business Law §§ 349 and 350

Section 349 of the General Business Law ("GBL") prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." GBL § 349(a). Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." GBL § 350. While Plaintiff ostensibly asserts this cause of action against the NYPH Defendants (she pleads it against "ALL Defendants"), she does not identify a single fact suggesting that the NYPH Defendants engaged in any deceptive acts or practices. (AC ¶¶ 295-305.) This cause of action must likewise be dismissed for failure to state a claim.

d. 7th Cause of Action – 42 U.S.C. § 1986

"Section 1986 provides a remedy against individuals who "kn[ew] of and ha[d] the ability to aid in preventing a § 1985 conspiracy . . . [and] decline[d] to take steps preventing that conspiracy." *Rivera v. Unknown At NYCPD, Bronx Div., PSA-7 - NYCHAA Police*, No. 23-CV-9530 (LTS), 2024 WL 3414457, at *3 (S.D.N.Y. July 8, 2024). "Claims under this section are only valid if there is a viable conspiracy claim under section 1985." *Id.* (internal citation and quotation marks omitted). To state a claim of conspiracy under Section 1985, however, "a plaintiff must show that there

exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). The Amended Complaint wholly fails to allege any of these elements as against the NYPH Defendants. There is no allegation that the NYPH Defendants entered into any type of conspiracy with the Columbia Defendants at all, let alone a conspiracy to deprive Plaintiff of equal protection of, or any privileges or immunities under, the laws of the United States. (AC ¶¶ 177-183.) This claim must, therefore, also be dismissed.

e. 14th Cause of Action – Defamation

To state a claim for defamation under New York law, a plaintiff must show "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." *Sherman v. Graves*, No. 24-CV-8494 (AT), 2025 WL 1558476, at *2 (S.D.N.Y. June 2, 2025).

Plaintiff's defamation claim must be dismissed against NYPH because she does not allege any false statements by NYPH whatsoever. (AC ¶¶ 183, 382-386.) With respect to Just-Michael, the only alleged statement(s) made by her was that she supposedly told both Plaintiff *and* Fisher that they (*i.e.* both Plaintiff and Fisher) should not be in the patient's room and that they (*i.e.* both Plaintiff and Fisher) were placing the nurses' licenses in jeopardy. (AC ¶ 178.) However, Plaintiff does not allege

or explain how these purported statements were false, that Just-Michael knew or should have known the statements were false, that they were "of and concerning" Plaintiff (as opposed to both Plaintiff and Fisher), or that they caused her any harm. *See Greene v. Paramount Pictures Corp.*, 138 F. Supp. 3d 226, 236 (E.D.N.Y. 2015) ("private figure" plaintiff "must show at least that the defendants were negligent with respect to the truth if the statement complained of bears on a matter of public concern"); *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18-CV-4921 (PGG) (KHP), 2020 WL 1330283, at *8 (S.D.N.Y. Mar. 22, 2020) (reference to multiple individuals in statement not sufficient to be "of and concerning" plaintiff specifically). And critically, as to the harm element, Plaintiff's allegation of "harm" flowing from her rotation at the NYPH hospital (that she received a failing grade from the Nursing School based, in part, on "safety issues") stems from accusations by defendant Candice Smith (a Columbia Defendant) that Plaintiff had disconnected a feeding tube and moved a baby's oxygen to put a Halloween costume on the baby. (AC ¶¶ 187, 193.) Plaintiff does not, however, allege that *Just-Michael* ever made any statements about these issues that then resulted in any harm. (AC ¶¶178-179.) In fact, she does not allege any harm flowed from Just-Michael's statements at all. (AC ¶¶ 187-190, 193.) Consequently, Plaintiff's defamation claim should be dismissed.

f. <u>25th Cause of Action – 18 U.S.C. §§ 1513(e), 1512(b), and 1519</u>

18 U.S.C. §§ 1513(e), 1512(b), and 1519 are statutes that criminalize retaliation through harmful acts against individuals who provide information to law enforcement officers, witness tampering, and destruction of records in federal

investigations, respectively. This claim must be dismissed against the NYPH Defendants because these statutes do not provide a private right of action in a civil proceeding and, in any event, Plaintiff does not allege that the NYPH Defendants threatened to harm Plaintiff for providing information to law enforcement, that they in any way coerced her to change testimony, or that they destroyed any records in a federal investigation. (AC ¶¶ 177-183.)

g. 26th Cause of Action – Civil RICO Violation

The RICO statute provides a civil remedy to "[a]ny person injured in his business or property by reason of a violation of [the statute]." 18 U.S.C. § 1964(c). Thus, "a plaintiff must plead, at a minimum, (1) the defendant's violation of § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation."' *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 327 (E.D.N.Y. 2012). A plaintiff must further allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

Plaintiff's civil RICO claim must be dismissed as to the NYPH Defendants because she does not allege that NYPH or Just-Michael formed an enterprise with any of the other defendants or that they engaged in any conduct constituting racketeering activity. While Plaintiff generally alleges that "Defendants . . . formed an enterprise" and that "Defendants conducted or participated . . . in . . . a pattern of racketeering activity" (AC ¶¶ 469-470), Plaintiff's use of the term "Defendants" is belied by the specific allegations contained in this cause of action, which are directed at only the Columbia Defendants. Specifically, Plaintiff alleges only that the

enterprise included "various Columbia University departments, including but not limited to the Columbia University in the City of New York, the Columbia University School of Nursing (CUSON), Student Financial Services (SFS), the Office of Disability Services (ODS), the Office of Institutional Equity (OIE), and administrative personnel"—*not* the NYPH Defendants. (AC ¶ 469.) Consequently, this claim must be dismissed as well.

## II. Plaintiff Uses Impermissible Group Pleadings.

The Amended Complaint should also be dismissed as to the NYPH Defendants because the causes of action asserted against them impermissibly rely on group pleadings. "Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017); s*ee also, e.g., Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 531 F. Supp. 3d 673, 728 (S.D.N.Y. 2021) (explaining that group pleading violates Rule 8(a) of Federal Rules of Civil Procedure because it "fails to give each defendant fair notice of the claims against it"); *Holmes v. Allstate Corp.*, No. 11–CV–1543 (DF), 2012 WL 627238, at *7, *22 (S.D.N.Y. Jan. 27, 2012) ("Plaintiffs' method of group pleading is incoherent or illogical" and "[FRCP] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.").

Here, while a close reading of Causes of Action 1-20 and 25-26 suggests that Plaintiff intended to assert them against the Columbia Defendants, she nonetheless pleads them against "ALL Defendants." For example, the first cause of action (Title

VI of the Civil Rights Act of 1964) notes that Columbia University and the Nursing School receive federal financial assistance, that "Columbia and its administrators" discriminated against Plaintiff, and that "Columbia and its administrators had and have actual notice [of ] such discrimination and harassment," yet Plaintiff asserts this cause of action against "ALL Defendants" and alleges that "*Defendants*" intentionally discriminated against her. (AC ¶¶ 231-233.) Similarly, while Plaintiff's second cause of action (New York State Human Rights Law) is asserted against "ALL Defendants" and alleges that "*Defendants*" intentionally discriminated against Plaintiff, she includes only specific allegations against the Columbia Defendants – "the acts and omissions of Columbia and its administrators," "Columbia and its administrators had and have actual notice [of] such discrimination and harassment." (AC ¶¶ 246-248.) Causes of Action 3-20 and 25-26 suffer from the same fatal deficiencies.

The Amended Complaint, therefore, fails to adequately identify which defendants – the Columbia Defendants, the NYPH Defendants, NYPH, and/or Just-Michael – Plaintiff alleges committed the purported acts violating her rights, or which acts she attributes specifically to the NYPH Defendants, because they are all simply grouped together. As pled, the Amended Complaint fails to provide the NYPH Defendants with adequate notice of what unlawful conduct they, specifically, supposedly engaged in. The Amended Complaint, therefore, should be dismissed on this basis as well. *See Plusgrade L.P. v. Endava Inc.*, No. 21-CV-1530 (MKV), 2023 WL 2402879, at *3 (S.D.N.Y. Mar. 8, 2023) (dismissing amended complaint because

group pleadings "precludes each of the thirteen defendants from knowing what conduct it is alleged to have performed and, thus, against which allegations it must defend").

**CONCLUSION**

For the reasons set forth above, the NYPH Defendants' motion to dismiss should be granted, and this Court should dismiss all claims against the NYPH Defendants with prejudice.

Dated: September 8, 2025

**BAKER & HOSTETLER LLP**

*/s/ Amy J. Traub*
Amy J. Traub
Matthew C. Berger
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: atraub@bakerlaw.com
Email: mberger@bakerlaw.com

*Attorneys for Defendants The New York and Presbyterian Hospital and Shulamit Just-Michael*

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1 AND INDIVIDUAL RULE 4(B)

I, Amy J. Traub, hereby certify that, in accordance with Rule 4(B) of Your Honor's Individual Rules & Practices in Civil and Cases, and Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the foregoing opposition and cross-motion contains 5,178 words (exclusive of the caption, table of contents, table of authorities, and signature block).

In accordance with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I have relied upon the word processing system's word count function in preparing this certification.

*/s/ Amy J. Traub*
Amy J. Traub, Esq.