UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  01/08/26

| | |
|---|---|
| SESCILY RENEE CONEY, | |
| Plaintiff, | 25-CV-5011 (VSB) (BCM) |
| -against- | **ORDER** |
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, *et al.*, | |
| Defendants. | |

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the Columbia Defendants' December 30, 2025 letter-motion (Dkt. 152) to strike plaintiff Coney's unauthorized December 22, 2025 reply letter-brief (Pl. 12/22/25 Reply) (Dkt. 151) is GRANTED.

Plaintiff's December 22 submission was her eleventh filing in support of her June 13, 2025 motion for a temporary restraining order (TRO), which is before the District Judge. (*See* Dkts. 2, 6, 7, 12, 62, 63, 71, 81, 144, 146, 151.) On December 8, 2025, plaintiff submitted her tenth such filing (Dkt. 146), in the form of a 31-page letter-motion requesting an expedited ruling on her TRO motion. On December 12, 2025, the Columbia Defendants filed a one-page letter (Dkt. 147) seeking leave to respond. On December 15, 2025, plaintiff filed a seven-page letter opposing the Columbia Defendants' request. (Dkt. 148.) On December 16, 2025, this Court gave the Columbia Defendants leave to respond to plaintiff's December 8 letter, but forbade any further back-and-forth: "No further briefing will be accepted concerning the TRO motion, which is before the District Judge for decision." (Dkt. 149.) The Columbia Defendants timely filed their two-page response to plaintiff's December 8 letter on December 19, 2025. (Dkt. 150.) Then, in plain violation of this Court's December 16 order, plaintiff filed a 26-page letter-brief on December 22, 2025.

The Federal Rules of Civil Procedure authorize the Court, "[o]n motion or on its own," to issue "any just orders," including those listed in Rule 37(b)(2)(A), if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Available sanctions include – among others – striking the disobedient party's pleadings in whole or in part, staying the case until the order is obeyed, dismissing the case in whole or in part, and "treating as contempt of court" the failure to obey the order. Fed. R. Civ. P. 37(b)(2)(A)(ii)-(v), (vii). Monetary sanctions are also available. *See* Fed. R. Civ. P. 16(f)(2).

Plaintiff is not exempt from these rules "simply because . . . she is proceeding *pro se.*" *Sidney v. Caron*, 2011 WL 4478556, at *3 (N.D.N.Y. Sept. 26, 2011); *accord Lawtone-Bowles v. U.S. Bank Nat'l Ass'n as Tr. for Holders of MLMI Tr. 2002-AFC Asset-Backed Certificates, Series 2002-AFC1*, 2021 WL 1518329, at *1 n.3 (S.D.N.Y. Apr. 16, 2021) ("Plaintiff's *pro se* status does not absolve her from complying with this Court's rules[.]") (citations omitted), *aff'd sub nom. Lawtone-Bowles v. Brown*, 2022 WL 839280 (2d Cir. Mar. 22, 2022). Moreover, although Coney has chosen to represent herself in this action, she is an attorney at law – with an "active" status in New Jersey – and therefore "cannot claim the special consideration which the courts customarily grant to pro se parties[.]" *Harbulak v. Suffolk County,* 654 F.2d 194, 198 (2d Cir. 1981); *accord Bythewood v. New York*, 2023 WL 6152796, at *1 (2d Cir. Sept. 21, 2023) (summary order) ("[N]o such special solicitude is afforded to *pro se* attorneys[.]").

On January 4, 2026, plaintiff filed a letter in opposition to the motion to strike (Pl. 1/4/26 Opp.) (Dkt. 153), arguing that her December 22 submission "was a factual response" to the Columbia Defendants December 19 letter rather than "further legal briefing." Pl. 1/4/26 Opp. at 1.

In this Court's view, no competent lawyer could receive a court order forbidding "further briefing" on a TRO motion and conclude that she is nonetheless authorized to submit 12 (single-

2

spaced) pages of detailed argument (accompanied by 16 pages of unauthenticated exhibits), in which she:

- Asserts that defendants' arguments "rest on legal errors" and are "legally unavailing," whereas the "applicable legal standards favor Plaintiff," Pl. 12/22/25 Reply at 1, 3, 11;

- Cites caselaw, statutes, and regulations, *see* id. at 2, 6, 10, 11;

- Addresses the "applicable legal standards" by arguing that (i) "Federal law prohibits" the Columbia Defendants' conduct, *id*. at 2; (ii) "[m]onetary damages cannot remedy plaintiff's irreparable harm," *id*. at 5; and (iii) "[t]he balance of equities could not be more lopsided," *id*. at 9; *see also id.* at 11 (summarizing plaintiff's arguments as to the merits, irreparable harm, and balancing of the equities); and

- Concludes by "renew[ing] her request for immediate injunctive relief" and specifying the terms of the TRO she seeks. *Id*. at 11-12.

To be sure, plaintiff's December 22 submission also contains factual assertions, some of which are both new and responsive to arguments made by the Columbia Defendants in their December 19 letter. But the inclusion of factual material does not – by any stretch of the imagination – transform an unauthorized brief into a "proper factual response." 1/4/26 Letter at 1. Even if plaintiff's December 22 submission were limited to new evidence responding to "new assertions Defendants raised in their December 19 letter," *id*., she should have sought leave of the Court before once again supplementing her showing in support of her TRO motion.

Thus far, the moving defendants have sought only an order striking the unauthorized filing. However, should plaintiff once again disobey a scheduling or other pretrial order of this Court, defendants will be entitled to request more severe sanctions.

The Clerk of Court is respectfully directed to strike the filing at Dkt. 151.

Dated: New York, New York
      January 8, 2026

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3