UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SESCILY RENEE CONEY,

Plaintiff,

- against -

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, *et al.*,

Defendants.

---

25-CV-5011 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

On October 13, 2026, pro se Plaintiff moved for reconsideration of the portion of my September 30, 2026 Opinion & Order (the "Opinion") in which I denied her request for a temporary restraining order and a preliminary injunction on irreparable harm grounds, (Doc. 159 at 63–67). (Doc. 160.) Because she fails to justify the extraordinary remedy of reconsideration, Plaintiff's motion is DENIED.

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Yudong Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (internal quotation marks omitted). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided or present arguments that could

have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks omitted). Rather, a motion for reconsideration "may be granted only in limited circumstances when the petitioner identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

Here, Plaintiff offers several unpersuasive arguments in support of her motion for reconsideration. First, she disputes the finding that her administrative withdrawal is the consequence of her "own inaction." (Doc. 160 at 1–3; *see also* Doc. 159 at 65.) Second, and relatedly, she disputes the finding that she "could have filed a leave of absence and thereby preserved her status as a student." (Doc. 160 at 3–4; *see also* Doc. 159 at 65.) Finally, she argues that "Columbia should not be allowed to make Plaintiff submit or repeat assignments it marked excused as a condition of reinstatement or completion." (Doc. 159 at 4.)

Respectfully, these arguments do not meaningfully address the fundamental basis for my denial of Plaintiff's request for a temporary restraining order and a preliminary injunction: The nature of the harm Plaintiff alleges is not, as a matter of law, irreparable. (Doc. 159 at 64–65.) That is not to say that "[m]oney later can[] restore access to the program now or give Plaintiff back the time she needs to finish it." (Doc. 160 at 3–4.) It simply means that courts have deemed her alleged injury types, including delayed graduation, to be "compensable by monetary damages" should she ultimately prevail on her claims. *Phillips v. Marsh*, 687 F.2d 620, 622 (2d Cir. 1982). As such, Plaintiff fails to demonstrate why the "extraordinary remedy" of reconsideration is proper here. *Yudong Zhu*, 41 F. Supp. 3d at 342 (internal quotation marks omitted).

Accordingly, Plaintiff's motion for reconsideration is DENIED. Plaintiff is reminded that, if she wishes to amend certain claims to overcome one or more pleading defects identified in the Opinion, she may file a Second Amended Complaint within forty-five (45) days of the filing of the Opinion (or, in other words, by November 14, 2026).

The Clerk of Court is respectfully directed to terminate Document 160.

SO ORDERED.

Dated: October 22, 2026
New York, New York

Vernon S. Broderick
United States District Judge